Pawnee Coal Co. v. Royce.

79    469
s184s402

## Pawnee Coal Company v. Walter Royce.

1. MASTER AND SERVANT—*Hazards After Notice and Promise to Repair.*—A servant may continue in the service of his master after notice of a defect involving increased danger of the service without assuming the increased risk caused by such defect if the master promises to remedy the defect within a reasonable time, and the servant, relying on such promise, continues in such employment during such time.

2. RELEASE—*Executed by One Incapacitated.*—If a person, while totally incapacitated mentally to transact any kind of business is induced to execute a release of damages for a personal injury, it will not be obligatory upon him and will be no defense against the action.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, pre-

siding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

W. J. Calhoun and H. M. Steely, attorneys for appellant.

Isaac A. Love and William R. Jewell, Jr., attorneys for appellee.

Per Curiam.

This was an action on the case by appellee for negligence alleged against appellant for a failure to keep the roadway in its mine entry clear of obstructions from the accumulation of parts of stone and other materials, in consequence of which the former, while, it is alleged, in the exercise of due care, was injured and lost a leg. A trial by jury resulted in a verdict and judgment against appellant for $1,200, from which it appeals to this court, assigning various errors upon the record, for which a reversal of the judgment is sought. The errors chiefly urged are that the verdict is against the evidence, the court admitted improper evidence, gave improper and refused proper instructions to the jury.

At the time of his injury appellee, as it appears from the evidence it was usual and customary for the men to do, was riding on the tail chain of a car while it was being drawn by a mule upon the roadway within appellant's mine, and while the car was passing on a down grade on the roadway in the entry of the mine, appellee was endeavoring to prevent the car from running against, or striking the mule in front thereof, the mule kicked, or shoved him off the tail chain, in consequence of which he fell against a slab or piece of soap stone leaning or standing against the entry side next to the roadway upon which the car was moving, which obstructions caused him to slip or slide under the wheel of the moving car and thereby his injury was occasioned. It further appears from the evidence, the stone upon which appellee fell had been allowed to remain in the position in which it was at the time of the injury for such a length of time

that appellee knew of its existence, and upon the trial claimed he had notified the proper authorities of appellant of its dangerous proximity to the roadway, and had then received the promise that it would be removed. Evidence of this latter fact was objected to by appellant on the ground that no reference is made in the declaration to any such notice to appellant, or promise on its part, and thus the declaration was upon the theory only that appellee was in the exercise of ordinary care when he was injured, but the court admitted such evidence, notwithstanding such objection, and this is insisted upon as error. We are of the opinion that, if it were true that such notice was given and the promise made as contended, that evidence of the same was proper to be admitted for the purpose of tending to prove the exercise of ordinary care by the appellee, under the rule that he was permitted to await a reasonable time for the master to fulfil its promise in that regard, and if appellee did this, and we think from the evidence the jury were justified in so finding, it can not be said he was not in the exercise of ordinary care for his own safety, when he had conformed to the rule of the mine prescribed for such conditions, he having the right to rely upon such promise.

It is also insisted by appellant that the kick of the mule, for which the master was not responsible, was the proximate cause of the injury. We are inclined to regret this view as being too limited. The accident of the kick of the mule, if it may be so regarded, combined with the negligence of appellant in permitting the stone to remain so near the roadway as to obstruct the free passage along the side thereof was, we think, the proximate cause of the injury to appellee. Had it not been for the negligence of the appellant in this respect, which caused appellee to be cast under the wheel of the car when he came in contact with the stone slab, he would have fallen at the side of the roadway, without falling upon the track of the car wheels, nor would he have been injured by the wheels. Neither do we believe such consequences so remote from the act of negligence as not to have been reasonably foreseen by the

master by the use of ordinary foresight under all the circumstances. The master knew the use to which the roadway was put and the manner of running the cars thereon, and it could be reasonably anticipated that if the side of the roadway, between the track and the entry wall, was obstructed, as from the evidence there is little room to dispute that it was, conditions might at any time arise rendering it necessary for the drivers of the cars to occupy the space between the moving cars and the side of the entry, when such obstruction would, as in this case it did, force the driver upon the track of the moving car, and render his situation perilous.

After appellee was hurt it appears from the evidence that a release in writing was obtained from him, acquitting appellant from liability for his injuries.

There is much conflict in the evidence concerning the manner in which this instrument was obtained, and of the condition of the appellee both in mind and body at the time he gave it. We feel compelled to accept the verdict of the jury as decisive upon this point. They were from the evidence warranted in the conclusion that appellee was totally incapacitated mentally to transact any sort of business at the time this instrument is said to have been signed, and if such was the fact, the instrument is wholly void.

We do not think the instructions of the court to the jury are subject to the criticisms put upon them by counsel for appellant, and in our opinion all that was proper in the ratified instructions was contained in those given by the court at the request of appellant, and upon a consideration of all the instructions, the law was fairly applied to the facts and issues in the case.

Finding no reversible error in the record and proceedings of the Circuit Court, its judgment will be affirmed.